UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATASHA CORRADIN,

      Plaintiff,                                    Hon. Paul L. Maloney

v.                                                  Case No. 1:20-cv-732

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 35 years old on her alleged disability onset date. (ECF No. 11-7, PageID.354). She successfully completed high school and worked previously as a customer service representative and receptionist. (ECF No. 11-2, PageID.66). Plaintiff applied for benefits on June 1, 2015, alleging that she had been disabled

since August 5, 2008, due to fibromyalgia, chronic fatigue syndrome, migraines, and "damage from prior Cushing's syndrome." (ECF No. 11-7, 11-8, PageID.354-66, 421).

Following an administrative hearing, ALJ Sarah Smisek, in an opinion dated December 28, 2017, determined that Plaintiff did not qualify for disability benefits. (ECF No. 11-3, 11-4, PageID.105-32, 165-77). The Appeals Council subsequently remanded the matter for further consideration. (ECF No. 11-4, PageID.186-88). Following another administrative hearing, ALJ Smisek, in a decision dated August 22, 2019, determined that Plaintiff was not entitled to disability benefits. (ECF No. 11-2, 11-3, PageID.53-68, 78-104). The Appeals Council declined to review this decision, rendering it the Commissioner's final decision in the matter. (ECF No. 11-2, PageID.39-43). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2015. (ECF No. 11-2, PageID.55). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate that she is entitled to disability benefits, and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) status post 2008 adrenalectomy for Cushing's syndrome; (2) degenerative disc disease/poly arthritis; (3) fibromyalgia; (4) migraines; and (5) somatization disorder, severe impairments that whether considered alone or in combination with other impairments, failed to

satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 11-2, PageID.56-58).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) she is limited to simple, routine, repetitive work in a low stress environment, which is defined as having only occasional changes in the work setting and requiring no more than occasional decision making; (2) she can never climb ladders, ropes, or scaffolds; (3) she can occasionally perform other postural movements; (4) she requires work that allows for a sit-stand option, defined as work that can be done in both the sitting and standing positions, such that the change in position will not cause Plaintiff to go off task; and (5) she should have the opportunity to change positions every 30 minutes. (*Id.*, PageID.58).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

In this case, a vocational expert testified that there are approximately 130,000 jobs in the national economy that an individual with Plaintiff's RFC can perform, such limitations notwithstanding. (ECF No. 11-3, PageID.100-02). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Medical Opinion Evidence

Two of Plaintiff's care providers, Dr. Noelle Franklyn and Dr. Josefina Shen, offered opinions that Plaintiff suffers from far greater functional limitations than the ALJ recognized. (ECF No. 11-15, 11-16, 11-21, PageID.829-32, 1004, 1209). The ALJ, however, afforded "reduced" weight to these opinions. (ECF No. 11-2, PageID.63-64). Plaintiff argues that she is entitled to relief because the ALJ's rationale for discounting her treating physicians' opinions is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not

inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Id.* at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Ibid.*

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

On September 26, 2014, Dr. Franklyn completed a Fibromyalgia Medical Source Statement in which she articulated the following limitations. (ECF No. 11-15, PageID.829-32). Plaintiff requires a sit/stand option and can continuously sit and stand for 10-45 minutes and 5-10 minutes, respectively. (*Id.*, PageID.830). During an 8-hour workday, Plaintiff can sit and stand/walk for "less than 2 hours" each. (*Id.*). Moreover, every 10 minutes, Plaintiff must walk for 5 minutes and "every 15 minutes," Plaintiff will need to take an unscheduled break lasting "5 min to 60 mins." (*Id.*, PageID.831). Plaintiff can "rarely" lift less than 10 pounds and

-7-

can "never" lift 10 pounds. (*Id.*). Plaintiff can "rarely" twist and can "never" stoop, look down, look up, or turn her head left or right. (*Id.*). Plaintiff is "likely" to be "off task "25% or more" of the workday and is "incapable of even low stress work." (*Id.*, PageID.832). Plaintiff will also be absent from work "more than four days per month." (*Id.*). Dr. Franklyn reported that Plaintiff has suffered from these limitations since August 5, 2008. (*Id.*).

On July 20, 2017, Dr. Franklyn authored a note stating, "I have reviewed the Fibromyalgia Medical Source Statement dated September 26, 2014, and believe it accurately reflects [Plaintiff's] present capabilities and limitations as well." (ECF No. 11-18, PageID.1004). On July 3, 2019, Dr. Shen authored a statement in which she stated, "I have had the opportunity to review the Fibromyalgia Medical Source Statement dated [September 26, 2014] and I agree with the limitations noted by Dr. Noelle Franklyn, the primary care physician." (ECF No. 11-21, PageID.1209).

The ALJ articulated several reasons for discounting Dr. Franklyn's opinion. Specifically, the ALJ stated:

> Even though the undersigned accepts the diagnosis of fibromyalgia, the claimant has received minimal treatment with largely unremarkable physical examinations. The frequency and intensity of signs and symptoms Dr. Franklyn indicates is not supported. Dr. Franklyn does not explain the rational for the proposed frequency of work breaks, off task, or frequency of absenteeism from the workplace. Dr. Franklyn does not refer to objective testing, progress notes within the record, or progress notes form her own treatment to support the work preclusive limitations. The claimant testified to a history of driving at least 45 minutes to Grand Rapids to visit her daughter twice each week, and thus the assigned limitations of never looking up, down, left or right are simply not supported by her daily activities.

> Moreover, while Dr. Franklyn indicated these limitations have been in effect since 2008, she was not treating the claimant in 2008 and began treating the claimant in 2012. Rather, her own progress notes have been largely unremarkable with physical examinations noted normal musculoskeletal and neurological examinations.

(ECF No. 11-2, PageID.63-64).

As for Dr. Shen's opinion, the ALJ stated the following in her support of her decision to discount it:

> The undersigned assigns reduced weight to Dr. Shen's opinion for the reasons stated above when evaluating Dr. Franklyn's opinion. Dr. Shen simply agreed with the opinion and offers no statement of her own in how the claimant's symptoms limit work related activities. While Dr. Shen indicates the claimant was a patient of her office, she does not indicate her treatment history with the claimant or when she last saw the claimant. In addition, Dr. Shen does not offer objective evidence to support the assigned limitations.

(*Id.*, PageID.64).

A review of the evidence reveals that the ALJ's decision to discount these opinions is supported by substantial evidence.

On June 28, 2008, Plaintiff had an adrenal gland surgically removed to treat Cushing's syndrome.[1] (ECF No. 11-9, PageID.489-90). Treatment notes dated September 15, 2018, indicate that Plaintiff was "doing very well" and "all of her preoperative body aches and various other problems have all resolved."

---

[1] Cushing syndrome, caused by an excess of the hormone cortisol, "can result in high blood pressure, bone loss and, on occasion, type 2 diabetes." *Cushing Syndrome*, available at https://www.mayoclinic.org/diseases-conditions/cushing-syndrome/symptoms-causes/syc-20351310 (last visited September 22, 2021).

-9-

(*Id.*, PageID.491). Treatment notes dated June 28, 2011, indicate that Plaintiff was experiencing "normal adrenal function" with "no evidence of recurrent Cushing's." (*Id.*, PageID.521). Treatment notes dated May 28, 2014, indicate "there is no evidence for adrenal insufficiency or Cushing's syndrome." (ECF No. 11-11, PageID.704).

As the ALJ noted, the results of physical examinations have been "largely unremarkable" and consistent with the ALJ's RFC finding. (ECF No. 11-10, 11-11, 11-18, 11-21, PageID.595, 596-97, 661, 1008-12, 1156-60, 1165-69). Moreover, Dr. Franklyn's treatment notes do not support the extreme limitations she articulated in her report. (ECF No. 11-12—13, 11-16, 11-20, PageID.718-828, 857-64, 868-921, 1068-1144).

Plaintiff reported experiencing headaches, but treatment notes indicate that such responded well to medication. (ECF No. 11-11, PageID.660). X-rays of Plaintiff's sacroiliac joints revealed only "mild" degenerative changes. (*Id.*, PageID.662). Treatment notes dated September 28, 2018, indicate that Plaintiff "walks and does tai chi exercises every other day." (ECF No. 11-21, PageID.1168).

Plaintiff reported experiencing "paranoia and nervousness about becoming ill again with another serious disease." (ECF No. 11-10, PageID.597). In response, Plaintiff was encouraged to participate in therapy "to address her underlying fear of illness and the stressors that may be contributing to her ongoing pain syndrome." (*Id.*, PageID.597). As the ALJ

noted, however, "[t]he record does not reflect that [Plaintiff] engaged in such recommended treatment." (ECF No. 11-2, PageID.60).

At the second administrative hearing, Plaintiff testified that she recently modified her medication regimen after which she was experiencing "less pain," "fewer bad days," and no medication side effects. (ECF No. 11-3, PageID.84). Plaintiff testified that on a typical day she relaxes in the morning, visits with her grandson, "play[s] in the yard a little bit [and] get[s] some chores done around the house." (*Id.*, PageID.88). Plaintiff reported that she enjoys painting furniture and can do so continuously for "two hours." (*Id.*, PageID.89). Plaintiff reported that 2-3 times each week she drives 45 minutes to visit her daughter. (*Id.*, PageID.91-92). Plaintiff also reported that she regularly goes to the beach to "walk" or "just lay in the sun." (*Id.*, PageID.92).

In sum, as the ALJ concluded, several reasons support the decision to discount Dr. Franklyn's testimony. Both the medical evidence, and Plaintiff's testimony, are inconsistent with the doctor's opinions. The doctor opined that Plaintiff experienced extreme limitations several years before she even began treating Plaintiff. The doctor did not support her opinions by reference to any medical evidence. Because the ALJ's decision to discount Dr. Franklyn's opinion is supported by substantial evidence, the ALJ's decision to discount Dr. Shen's opinion is likewise supported by substantial evidence. Dr. Shen offered no opinion or analysis of her own, but instead simply agreed with Dr. Franklyn's opinion which,

as discussed above, was properly discounted. Accordingly, this argument is rejected.

## II.     Plaintiff's Additional Issues

On December 23, 2020, the Court entered a "Notice Regarding Consent and Directing Filing of Briefs." (ECF No. 12). In relevant part, this Notice stated that Plaintiff's initial brief "must contain a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiff seeks reversal or remand." (ECF No. 12, PageID.1231). The Court further warned that "[f]ailure to identify an issue in the Statement of Errors constitutes a waiver of that issue." (*Id.*).

Plaintiff did include in her brief a Statement of Errors in which she asserted that the Commissioner: (1) erroneously failed to give appropriate weight to the opinions of the medical experts; (2) violated agency rules; (3) failed in his duties to provide a fair and full hearing; and (4) misapplied the law. (ECF No. 15, PageID.1241). In the argument portion of her brief, however, Plaintiff did not indicate which alleged errors she was addressing. (*Id.*, PageID.1241-50). Instead, Plaintiff simply argued that the ALJ failed to afford appropriate weight to the opinions expressed by Drs. Franklyn and Shen.

Plaintiff's argument certainly aligns with her first alleged error. But Plaintiff did not address the other three errors she identified. To the extent these other alleged errors are simply part of her challenge to the ALJ's assessment of the medical opinion evidence, such have been addressed above. To the extent, however,

-12-

that these alleged errors were intended to constitute separate and distinct bases for relief, such have been waived because they have not been sufficiently developed. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record); *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived). Finally, to the extent Plaintiff's brief asserts additional grounds for relief, such have been waived because they were not identified in the Statement of Errors.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: September 23, 2021              /s/ Phillip J. Green_____
                                       PHILLIP J. GREEN
                                       United States Magistrate Judge